**IN THE UNITED STATES DISTRICT COURT
EASTERN AND WESTERN DISTRICTS OF ARKANSAS**

IN RE:   REGINALD SHELTON MCCULLOUGH
         ARKANSAS BAR ID #85102

Case No. 4:05MC00014 SWW (Eastern District)
Case No. 05-FA-16 (Western District)

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judges J. Leon Holmes and Jimm Larry Hendren. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

The matter of the discipline of Mr. Reginald Shelton McCullough was referred to the undersigned for recommended disposition in both the Eastern and Western District Courts. In a previous Findings and Recommendation, a thorough factual background was provided. For the purpose of this Finding and Recommendation, the following facts are pertinent:

In December of 2004, a petition for disbarment was filed against Mr. McCullough by Stark Ligon, as Executive Director of the Arkansas Supreme Court Committee on Professional Conduct. The Arkansas Supreme Court Committee on Professional Conduct, Panel B, voted on February 18, 2005, to bring additional disbarment proceedings against Mr. McCullough for misconduct as set forth in CPC docket nos. 2003-166 and 2004-009. When the panel voted to

take this additional disbarment action, they also unanimously voted that an interim suspension of Mr. McCullough's privilege to practice law be imposed pursuant to Sections 16(A)(1) and 17(E)(3)(a) of the Procedures of the Arkansas Supreme Court Regulating the Professional Conduct of Attorneys at Law (Rev. 2002) (the "Arkansas Procedures").  On February 23, 2005, Mr. McCullough filed a motion to amend, dissolve and/or modify order of interim suspension with the Arkansas Supreme Court Committee on Professional Conduct.  This motion was subsequently denied.

Rule II of the Model Federal Rules of Disciplinary Enforcement (the "Federal Rules") provides for an attorney disciplined by another court to show cause why he should not receive the identical discipline in federal court.  The identical discipline is to be imposed:

> "unless the respondent/attorney demonstrates, or this Court finds, that upon the face of the record upon which the discipline in another jurisdiction is predicated it clearly appears:
>     1. That the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>     2. That there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final conclusion on that subject; or
>     3. That the imposition of the same discipline by this Court would result in grave injustice; or
>     4. That the misconduct established is deemed by this Court to warrant substantially different discipline."

Rule II(D), Federal Rules.

Mr. McCullough has been notified pursuant to the Federal Rules of his opportunity to show cause why the identical discipline imposed in state court should not be imposed in federal court, and on July 14, 2005, he submitted a pleading in which he argues against the imposition of

identical discipline[1]. Since the pertinent Federal Rule refers to the "face of the record upon which the discipline in another jurisdiction is predicated," this Court has requested and received the record relied upon by the Arkansas Supreme Court Committee on Professional Conduct, Panel B, in imposing the interim suspension.

The sole issue before this Court is whether Mr. McCullough demonstrates, or this Court finds, that the identical discipline should not be imposed upon him in federal court. Mr. McCullough contends that he should not receive the interim suspension in federal court because he has demonstrated or the record shows that all four of the possible exceptions listed in Rule II(D) of the Federal Rules apply.

**Assertions of Mr. McCullough:** In his pleadings (docket entries nos. 3 & 25) in response to the Court's Order to Show Cause, Mr. McCullough claims generally that all four exceptions apply, and that the State "violate[d] due and equal process and [acted in a manner that]was arbitrary, capricious and discriminatory" in imposing the interim suspension. See docket entry no. 3, page 2. He also alleges the following specific errors:

* He received no notice of the interim suspension;

* He has no right to appeal the interim suspension;

* There are no clear and cogent guidelines or policies for the interim suspension;

* The State denied him the right to present materials (e.g., medical records of McCullough and his minor son) prior to imposing the interim suspension;

* The discipline imposed was harsher than that meted out to white attorneys, male and

---

[1] In his July 14, 2005, pleading, he adopts by reference an earlier reply, submitted on April 14, 2005, and he adopts by reference the allegations in a civil suit brought by McCullough (*McCullough v. Ligon, et al.*, 4:05CV0693).

female, who faced similar allegations;

> \* He is representing clients in both criminal and civil matters in federal court and identical discipline would create a hardship to the clients;
>
> \* Identical discipline by the federal court would amount to a "taking" without due process;
>
> \* The state rule on interim suspension is unconstitutional; and
>
> \* The state failed to follow its own rules.

**The "face of the record":** Federal Rule II(D) directs this Court to examine the face of the record in state court. The record consists of two transcripts of hearings which occurred on February 18, 2005, along with documents related to the transcripts.

One transcript relates to a public hearing in CPC Docket No. 2003-009, in which the complaining witness was Regina Hayes. Mr. McCullough, appearing with counsel, was informed by the Committee Chairman, Michael Cogbill, that the panel assembled would render a decision based upon the evidence presented at the hearing. Mr. McCullough's attorney first requested a continuance of the hearing, based upon a letter written on February 17, 2005, one day prior to the hearing. The Committee Chairman acknowledged receipt of the letter and indicated that the reasons stated in the letter for a continuance could have been advanced at an earlier date. The motion for a continuance was denied. Regina Hayes testified to numerous problems she experienced with Mr. McCullough after he allegedly agreed to represent Ms. Hayes in a dispute with the City of Monticello. Mr. McCullough disagreed with Ms. Hayes' version of the facts, claiming that Hayes paid some but not all of her costs and attempted to get McCullough to represent her in some matters without being paid. He further testified that he returned the partial

5

payment for costs to Ms. Hayes. Mr. McCullough was unable to locate his file regarding Ms. Hayes, and did not produce a cancelled check or other evidence to substantiate his version of the facts. Ms. Hayes was recalled as a witness and testified she never paid any costs to Mr. McCullough, he never told her she owed any costs, and she never received a check from Mr. McCullough. After going into executive session, the Committee reported that it voted unanimously to approve interim suspension immediately.

The second transcript relates to a public hearing in CPC Docket No. 2003-166, a case in which the Arkansas Supreme Court forwarded a copy of an opinion to the Supreme Court Committee on Professional Conduct. In the referenced opinion, *Latta v. State*, 350 Ark. 488 (2002), opinion, the Court stated, among other things, that McCullough "presented the barest of arguments" and "failed to comply with this court's rules from the moment this appeal was filed." The attorney for the Office of Professional Conduct, Michael Harmon, provided a summary of events in the *Latta* case. After Mr. McCullough's attorney unsuccessfully requested a continuance, Mr. McCullough countered the version of Mr. Harmon. In part, McCullough noted that Mr. Latta's conviction was reversed. Before the Committee went into executive session, Mr. Harmon asked the Committee to consider prior sanctions against McCullough in determining the proper penalty if a violation was found. The Committee, by unanimous vote, found McCullough had violated all rules cited in the complaint. The Committee, also by unanimous vote, instituted disbarment proceedings and imposed interim suspension. The Committee Chairman noted the sanctions were "[b]ased upon the prior sanctions and the history of Mr. McCullough before this Committee, as well as the violation of the rules we found today." Mr. McCullough's disciplinary history reflects a 1992 suspension, a 1995 reprimand, two reprimands in 1997, three reprimands

(one of which included one year of probation) in 1998, a 2000 thirty day suspension and fine of $1,000.00, with twenty-four months of probation to follow, a 2001 caution and two reprimands, a 2002 thirty day suspension with fine and restitution and a twenty four month probation period to follow, a 2002 thirty day suspension with fine and twenty four months of probation to follow, a 2002 warning and reprimand, a 2003 reprimand accompanied by imposition of $50 cost and a $500 fine, and two additional complaints in 2003 which resulted in the initiation of the previously mentioned disbarment proceedings in December of 2004.

**Analysis Under Federal Rule II(D):** Mr. McCullough alleges that all four of the options under Federal Rule II(d) have been satisfied. We consider these in order, first inquiring whether it clearly appears that the state procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process. Mr. McCullough was informed of the charges against him in both cases, and filed written response to the charges. The responses in both cases consist of an affidavit executed in April of 2004 by Mr. McCullough denying any violation of the state rules on professional conduct and indicating his willingness to testify at any hearing. The transcripts examined by the Court demonstrate that Mr. McCullough was present and represented by counsel at both hearings on February 18, 2005. Mr. McCullough testified at both hearings, and his attorney cross examined the complaining witness in CPC Docket No. 2003-009. His attorney sought continuances in both cases, though without success. Following both hearings, the committee went into executive session, then returned and notified Mr. McCullough on the record of the decisions reached by the committee and the unanimous nature of the votes. Although Mr. McCullough claims there was no right to appeal the two interim suspensions, the record reflects he filed a motion to amend, dissolve, and/or modify the interim suspensions. This

motion was denied.

Mr. McCullough fails to show the state procedure lacking in notice or opportunity to be heard. To the contrary, the record supports the view that Mr. McCullough was present, with counsel, informed of the charges against him, and given the opportunity to challenge those charges. He was further given the opportunity to challenge the interim suspensions after they were imposed. The face of the record shows the state procedure was not lacking in notice or opportunity to be heard amounting to a deprivation of Mr. McCullough's due process.

We next consider whether it clearly appears that the proof establishing McCullough's misconduct was lacking to the degree that this Court should not accept the findings from state court. After a careful review of the transcripts, we find the decisions rendered by the committee in both cases supported by adequate proof. In CPC Docket No. 2003-009, the primary proof came from the complaining witness, Regina Hayes. Mr. McCullough rebutted Ms. Hayes' statement of the facts but was unable to produce any documents to bolster his version. In CPC Docket No. 2003-166, the primary proof against Mr. McCullough was the opinion of the Arkansas Supreme Court and the accompanying documents relating to the allegedly insufficient brief submitted by Mr. McCullough in the case of Mark Latta's criminal appeal. The Federal Rule invites this Court to reject identical discipline if there was an "infirmity of proof" in state court. The phrase "infirmity of proof" in the context of the rule suggests the petitioner must show more than the evidence was debatable. In this instance, we find the record supports the findings rendered by the committee in both cases. As a result, we find no merit in Mr. McCullough's argument that the subsection of Federal Rule II(D) regarding the proof adduced in state court was violated.

For his third claim, Mr. McCullough asserts that identical discipline should not be imposed because this would result in grave injustice. Although he is no doubt correct that the imposition of identical discipline will be a hardship to him and an inconvenience to clients he is currently representing, that would always be the case when interim suspensions are imposed. The rule envisions something beyond the normal consequences of an interim suspension, and Mr. McCullough fails to show that something extraordinary has resulted in a grave injustice in this instance.

The fourth and final claim is that identical discipline should not be imposed if "the misconduct established is deemed by this Court to warrant substantially different discipline." Federal Rule II(D). Our review of the face of the record does not suggest that substantially different discipline is in order, despite Mr. McCullough's urging that no discipline should be imposed at this time.

**Conclusion:** The framework of the pertinent Federal Rule allows for a petitioner such as Mr. McCullough to avoid identical discipline if he shows one of four errors occurred in state court. He must utilize the record developed in state court and must show that one of these errors is clearly apparent. In attempting to demonstrate these errors, Mr. McCullough cites general dissatisfaction[2] with the results in state court, and cites specific complaints about the system as he views it. He falls far short, however, of satisfying any of the four avenues to relief under the Federal Rule. As a result, we recommend that the identical discipline imposed by the state court, interim suspension of Mr. McCullough's law license, be imposed in this Court.

---

[2]Included in his claims for relief are several broad assertions made without any supporting factual allegations. These assertions are an inadequate basis for relief, and are denied.

IT IS SO RECOMMENDED this  23   day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE